Case 9:22-cv-00006-MJT   Document 4   Filed 01/13/22   Page 1 of 8 PageID #: 35

Filed: 12/9/2021 3:54 P
Reba Squyres, District Cle
Angelina County, Tex
By: ASHLEIGH GUIDR
Deputy Cle

CAUSE NO. **CV-01492-21-12**

| | | |
|---|---|---|
| MARIA PERDOMO | § | IN THE _____ JUDICIAL DISTRICT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| *Defendant* | § | ANGELINA COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Maria Perdomo (hereinafter "Plaintiff") complaining of HOME DEPOT U.S.A, INC. (hereinafter "Defendant") and for cause of action would show the Court the following:

**1.**
### DISCOVERY CONTROL PLAN AND NOTICE OF REQUIRED DISCLOSURES

Discovery in this case is intended to be conducted under Level III of Rule 190.4 of the Texas Rules of Civil Procedure. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, notice is hereby provided that Defendants are required to disclose the information and documents listed in Rule 194.2(b)(1)-(12) of the Texas Rules of Civil Procedure within thirty (30) days of the first answer or general appearance filed in this matter.

**2.**
### PARTIES

Plaintiff is a resident of Angelina County, Texas. Plaintiff's SSN is ***-**-*109.

Defendant HOME DEPOT U.S.A, INC. is a Foreign Corporation, organized under the laws of the State of Delaware, conducting business in Texas. Plaintiff would show that Defendant HOME DEPOT U.S.A, INC. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Service of process may be effected by serving the registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### 3.
### JURISDICTION AND VENUE

This Court has jurisdiction of this cause because the Plaintiff's damages are within the jurisdictional limits of this Court.

Defendant had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would further show that her cause of action against Defendant arose from its continuous and systematic contacts with the State of Texas.

Venue is proper in Angelina County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Tex. Ins. Code § 1952.110 in that all or a substantial part of the events or omissions giving rise to the claim occurred in Angelina County, Texas.

### 4.
### REQUEST PURSUANT TO RULE 28 AND MISNOMER

To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

Plaintiff expressly and specifically invokes her right under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of Defendants substituted at a later time upon motion of any party or the Court.

### 5.
### FACTUAL ALLEGATIONS

On or about May 23, 2021, Plaintiff entered Defendant's business premises located at 4211 S. Medford Drive, Lufkin, Texas 75901 (hereinafter "premise(s)"). Plaintiff will show that Defendant maintained control, possession, and ownership of the premises where the incident occurred.

Defendant extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by Defendant. Plaintiff entered the premises, during normal business hours, for the purposes of purchasing goods and services. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning Plaintiff of any dangerous conditions and/or activities existing upon

said premises. On the occasion in question, Plaintiff was in Aisle 49 and was reaching for a roll of paper towels when she tripped and fell over a metal platform dolly that had been left in the aisle. As a result of the incident, Plaintiff suffered serious and incapacitating injuries.

## 6.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

a. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;
b. In failing to warn invitees, including the Plaintiff of the unreasonably dangerous condition of the premises in question;
c. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;
d. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;
e. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;
f. In failing to remove, eliminate, minimize, or abate dangerous conditions;
g. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe;
h. In failing to properly warn the public;
i. In creating an unreasonably dangerous condition on the premises by allowing dollies to remain in the aisles; and
j. In failing to collect all metal platform dollies in a reasonable and timely manner.

Each of the above-described acts of negligence, both of omission and commission, singularly and in combination with others, constituted negligence which proximately caused the occurrence in question and resulting injuries and damages to the Plaintiff.

*6059   12/09/21*

*Perdomo v. Home Depot*

### 7.
### ASSUMED CONTROL, PREMISE LIABILITY, CREATION OF A DANGEROUS CONDITION

Defendant owned, operated, maintained, managed, operated, and otherwise had full control over the safety, procedures, and activities on the premises, and decisions as to safety, conditions, and activities on the premises.

Defendant knew or had reason to know that conditions at the premise in question was unsafe and created a dangerous environment and condition for Plaintiff. Defendant knew or should have known such condition and activity was dangerous and created and unreasonable risk of harm since Defendant's agents, servants, managers, and employees actually caused and created the dangerous condition.

Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to invitees, specifically to Plaintiff. This duty includes, but is not limited to, the duty to cure the unreasonable risk of harm.

Defendant's breach of the duty includes, but is not limited to, those conditions listed in paragraph 5(a)-(i) which is not exhaustive, but merely illustrative of the wrongful conduct of Defendant for which Plaintiff brings suit.

### 8.
### NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

Defendant HOME DEPOT U.S.A, INC. owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring to make sure that Defendant's agents, servants and/or employees were competent and fit to perform and carry out their assigned duties. Furthermore, HOME DEPOT U.S.A, INC. owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Defendant's agents, servants and/or employees and a duty to exercise ordinary care in retaining such agents, servants and/or employees, which includes, but is not limited to, the duty to remain knowledgeable about their competence or fitness.

HOME DEPOT U.S.A, INC. breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Defendant's agents, servants and/or employees. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Defendant's agents, servants and/or employees were fit and

competent to promptly identify, remove, eliminate, minimize or abate dangerous conditions and common risks that arose during Defendant's day-to-day operations of the premises.

HOME DEPOT U.S.A, INC.'s breach proximately caused the Plaintiff's injuries.

## 9.
## NEGLIGENCE PER SE

The actions and conduct of Defendant, set out in Paragraph 5(a)-(j), are in violation of the laws contained in *Restatement (Second) of Torts § 332* and *343*, which constitute negligence per se, for which Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to Plaintiff.

## 10.
## GROSS NEGLIGENCE

The wrong done by Defendant's and/or its agents, servants, and employees was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendant's conduct, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## 11.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

a. Past physical pain, suffering, and mental anguish;
b. Physical pain, suffering, and mental anguish;
c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, she will suffer in the future;
g. Loss of earnings in the past;
h. Loss of earning capacity in the future;
i. Physical disfigurement that said Plaintiff has suffered in the past;
j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.
k. Loss of enjoyment of life in the past; and
l. Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future.

## 12.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the incident in question, Defendant's agents, servants and employees were acting within the course and scope of their employment with Defendant. Specifically, Plaintiff will show that Defendant HOME DEPOT U.S.A, INC. had the right to control of all the activities of its agents, servants and employees at all times material hereto, and, therefore, Defendant is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## 13.
## INTEREST

Plaintiff hereby seeks all pre-judgement and post-judgement interest in the maximum amounts as allowed by law on each separate and individual element of damage.

*6059    12/09/21*

*Perdomo v. Home Depot*

### 14.
### PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2010 National Vital Statistics Reports; Vol. 63, No. 7, Plaintiff has a life expectancy of 49.7 years, and Plaintiff intends to use a certified copy of the United States Life Tables, 2010 National Vital Statistics Reports; Vol. 63 No. 7, and offer same into evidence at the time of trial.

### 15.
### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

### 16.
### TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by Defendant as authenticated documents.

### 17.
### REQUEST FOR PRESERVATION

1. Defendant is hereby given notice that any document, other material, or item, including but not limited to: statements, photos, video, audio, surveillance or security recordings, emails, voicemails, text messages or other electronically stored information, business or medical records, incident reports, periodic reports, financial statements, bills, call slips or records, estimates, invoices, checks, measurements, correspondence, faxes, or other information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

### 18.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final hearing she have judgement against Defendant HOME DEPOT U.S.A, INC. for the injuries and damages sustained by Plaintiff. Plaintiff's damages are substantial and many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province

of the jury, therefore, Plaintiff will rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her. However, in order to comply with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over One Million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
302 South Bynum
Lufkin, Texas 75904
(936) 632-9377 TELEPHONE
(936) 632-6953 FAX

/s/ Mari Badders
Jeff B. Badders
SBN 01496850
badders@badderslaw.com
Mari E. Badders
SBN 24100030
Mariko.badders@badderslaw.com
*Attorneys for Plaintiff*

*6059    12/09/21*

*Perdomo v. Home Depot*